UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
Jolie Hassler                           )
Plaintiff                               )
                                        )
v.                                      )                    Civil Action No.
                                        )
Ourway Realty, LLC          )                    Jury Trial Demanded
Gary Piontkowski            )
George Chimento             )
Alfred Ross and             )
Stanley Fulton              )
<u>Defendants</u>                   )

## <u>COMPLAINT</u>

Plaintiff, Jolie Hassler complains against Defendants for Breach of Fiduciary

Duty, Conversion, and Unjust Enrichment and seeks damages at law.

## <u>PARTIES</u>

1.    Plaintiff, Jolie Hassler, is an individual residing, at all times relevant herein,

in the State of New Hampshire.

2.    Defendant, Ourway Realty, LLC (hereinafter "Ourway,") is a Massachusetts

business entity organized as a holding company for certain real estate situated in the

Commonwealth of Massachusetts.

3.    Defendants George Chimento, Alfred Ross and Stanley Fulton are

individuals residing, at all times relevant herein, in the Commonwealth of

Massachusetts

4.    Defendant Gary Piontkowski is an individual residing, at all times relevant

herein, in the State of Rhode Island.

1

## JURISDICTION AND VENUE

5.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, based on diversity of citizenship of the parties.   Each of the named Defendants is an individual or business entity with a residence or principal place of business in a State other than New Hampshire.

6.   The amount in controversy in this matter exceeds the sum of $75,000.00 exclusive of interest and costs.

7.   Venue is proper in this district because Plaintiff resides in New Hampshire. 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

8.   Ourway is or was a business entity formed in Massachusetts as a holding company for certain real estate in the Commonwealth.

9.   Ourway Realty, LLC has a principal place of business in the City of Newton, Commonwealth of Massachusetts.

10.   Ourway was organized in Massachusetts on February 22, 2000.

11.   Ourway's managing member is Alfred Ross.

12.   Alfred Ross and Stanley Fulton are majority shareholders in Ourway.

13.   George Chimento is a Massachusetts attorney, and a shareholder in Ourway.

14.   Chimento, at all times relevant herein, was treasurer or the equivalent of Ourway.

15.   The real estate now or formerly held by Ourway is located in Plainville, Massachusetts.

2

16.   The subject real estate was previously the business site of Plainridge Racecourse.

17.   The subject property is now, as of June 24, 2015, being used as the site of a gambling entity known as Plainridge Park Casino.

18.   Plainridge Park Casino is owned and operated by Penn National Gaming.

19.   Jolie Hassler's interest in Ourway, 0.59666%, was purchased July 1, 2007.

20.   Upon receipt of Ourway's 2012 K-1, in 2013, Hassler learned that her interest was now 0.00%.

21.   The managing member of Ourway at all relevant times was Gary Piontkowski.

22.   Upon information and belief, Mr. Piontkowski transferred Jolie Hassler's interest to himself.

23.   Ms. Hassler was not informed of or aware of this transaction or the transfer of her interest.

24.   Ms. Hassler received no value for the transfer, and did not consent to it.

25.   Ms. Hassler did not learn that her interest had been taken from her until early 2013.

26.   Upon information and belief Mr. Piontkowski's entire interest in Ourway was purchased by Ourway or its majority owners, Fulton and Ross, in February 2013.

27.   Upon information and belief, Mr. Piiontkowski was paid the share price of $300,000.00 for his interest in Ourway.

28.   At the time Mr. Piontkowski's interest was purchased, this interest included Ms. Hassler's interest of 0.596667% in Ourway.

29.   At no time was Ms. Hassler offered the opportunity to sell her shares back to Ourway at the $300,000.00 share price believed to have been offered to Mr. Piontkowski or, indeed, at any price.

30.   Ms. Hassler was not made aware of the purchase of Mr. Piontkowski's shares in February 2013, and only learned of the transaction later.

31.   Ms. Hassler was neither offered nor given any compensation for the involuntary loss of her interest in Ourway.

32.   Ms. Hassler, or her representatives, since learning of the unlawful transfer of her interest in Ourway, has repeatedly contacted Ourway's counsel, including shareholder George Chimento, Esquire, to obtain access to Ourway's books, papers and records.

33.   These requests have been denied on the stated basis that Ms. Hassler has no ownership interest in Ourway and is thus not entitled to access its books and records.

34.   Upon information and belief, the Plainridge Park Casino is generating and will generate current and future income for Ourway's shareholders.

## <u>COUNT I</u>
### (Conversion: All Defendants)

35.   By this reference, Plaintiff re-alleges and incorporates all allegations contained in the preceding paragraphs as though fully set forth herein.

36.   At all times relevant hereto, Plaintiff was and is the sole and rightful owner of a minority interest amounting to 0.59666% of Ourway and its successors, if any.

37.   At some point after her July 1, 2007 purchase of her said interest in

Ourway, and prior to February, 2013, Piontkowski and/or Chimento wrongfully transferred Plaintiff's interest to Piontkowski.

38.   The transfer of Plaintiff's interest constitutes a theft.

39.   At the time of the transfer of Plaintiff's interest, Plaintiff's interest in Ourway was worth no less than $178,000.00.

40.   Chimento, at the time of his theft of Plaintiff's interest, was counsel to and a fiduciary of Ourway.

41.   Ourway was and is a close corporation.

42.   At all times relevant hereto, Chimento owed a fiduciary duty of the utmost faith and loyalty to minority shareholders, such as Plaintiff, in Ourway.

43.   Fulton and Ross, as majority shareholders, owed the same duty of strict good faith to minority shareholders, such as Plaintiff, in Ourway.

44.   Fulton and Ross knew or should have known of Piontkowski's unlawful transfer of Plaintiff's interest.

45.   Ourway and its shareholders, including Fulton, Ross and Chimento, are aware of the theft of Plaintiff's interest but have refused to compensate Plaintiff for such theft.

46.   Plaintiff is entitled to recover her pecuniary loss, consisting of the greater of the aforesaid value of her interest at the time of its conversion, or the current value of that interest, together with any current or future income being generated by Ourway or its successors for Ourway's shareholders.

47.   Because Defendants acted willfully, wantonly and maliciously, Plaintiff is entitled to recover her reasonable attorney's fees pursuant to the common law of the

State of New Hampshire.

## COUNT II
### (Breach of Fiduciary Duty: All Defendants)

48.    By this reference, Plaintiff re-alleges and incorporates all allegations contained in the preceding paragraphs as though fully set forth herein.

49.    As more fully set forth above and in Count I, Plaintiff was, at all times relevant hereto, a minority shareholder in Ourway with an interest amounting to 0.59666%.

50.    Defendants Fulton and Ross were, at all times relevant hereto, majority shareholders in Ourway.

51.    Ross, at all times relevant hereto, was the managing member of Ourway.

52.    Chimento, at all times relevant hereto, was counsel to Ourway and acted as treasurer or the equivalent to Ourway.

53.    On or about February 2013, Fulton and Ross, as majority shareholders, orchestrated and/or undertook the purchase of Piontkowski's entire interest in Ourway at the share price of, upon information and belief, $300,000.00.

54.    This repurchase offer was not made available to minority shareholder Hassler.

55.    Upon information and belief, Chimento was aware of and participated in the repurchase by Ourway of Piontkowski's interest at the $300,000.00 share price.

56.    At all times relevant hereto, Chimento, Fulton and Ross owed a fiduciary duty of the utmost faith and loyalty to minority shareholders, such as Plaintiff, in Ourway.

57.    Ourway was and is a close corporation.

58.    Defendants, each and all, owed Plaintiff a strict duty to protect her interest and position as a minority shareholder in Ourway.

59.    Defendants breached their fiduciary duty to Plaintiff by acceding to Piontkowski's transfer of Plaintiff's interest to himself.

60.    Defendants further had, at all times relevant hereto, a strict duty to offer Plaintiff the same repurchase terms offered to Piontkowski in February 2013.

61.    Plaintiff is entitled to recover her pecuniary loss, consisting of the greater of the aforesaid value of her interest at the time of its conversion, or the current value of that interest, together with any current or future income being generated by Ourway or its successors for Ourway's Shareholders.

62.    Because Defendants acted willfully, wantonly and maliciously, Plaintiff is entitled to recover her reasonable attorney's fees pursuant to the common law of the State of New Hampshire.

## COUNT III
### (Unjust Enrichment: All Defendants)

63. By this reference, Plaintiff re-alleges and incorporates all allegations contained in the preceding paragraphs as though fully set forth herein.

64.    Piontkowski was unjustly enriched by obtaining the value of Plaintiff's interest in Ourway when he converted to his own account and when his interest, containing the interest previously by Plaintiff, was purchased by Fulton and Ross at the share price of $300,000.00.

65.    Fulton, Ross, Chimento and Ourway have been unjustly enriched in that

they, collectively, hold and exercise control over Plaintiff's former interest in Ourway and have refused to compensate Plaintiff for her interest.

66.   Plaintiff is entitled to recover her pecuniary loss, consisting of the greater of the aforesaid value of her interest at the time of its conversion, or the current value of that interest, together with any current or future income being generated by Ourway or its successors for Ourway's shareholders.

67.   Because Defendants acted willfully, wantonly and maliciously, Plaintiff is entitled to recover her reasonable attorney's fees pursuant to the common law of the State of New Hampshire.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorney's fees, and for such other and further relief as the Court may deem just.

### A JURY TRIAL IS DEMANDED ON ALL COUNTS

Respectfully submitted,
Jolie Hassler

By her attorneys,
Backus, Meyer & Branch, LLP


Dated: August 31, 2015          /s/ George T. Campbell, III
                                George T. Campbell, III, Esq.
                                NH Bar No. 10488
                                116 Lowell Street, P.O. Box 516
                                Manchester, NH 03105-0516
                                (603) 668-7272
                                gcampbell@backusmeyer.com